http://www.va.gov/vetapp16/Files4/1630465.txt

Citation Nr: 1630465 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 13-11 019 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California

THE ISSUES

1. Entitlement to service connection for a lumbar spine disorder, to include degenerative arthritis. 
 
2. Entitlement to service connection for a left hip disorder, to include degenerative arthritis. 
 
3. Entitlement to service connection for a left knee disorder, to include degenerative arthritis.
 
4. Entitlement to service connection for a deep vein thrombosis of the right lower extremity, claimed as blood clots. 
 
5. Entitlement to service connection for a right ankle disorder, to include cellulitis.

ATTORNEY FOR THE BOARD

Robert J. Burriesci, Counsel

INTRODUCTION

The Veteran served on active duty in the Air Force from July 1956 to July 1960. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision entered in March 2010 by the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California. 

In April 2015, the Board granted service connection for a left knee disorder and remanded the remaining issues for further development. Thereafter, in March 2016 the Board again remanded the above issues for additional development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In March 2016 the Board remanded the claims for additional medical opinions to be obtained. The Board found that the prior medical opinions dated in May 2015 and September 2015 were inadequate because the examiners did not adequately consider the Veteran's statements and those of fellow servicepersons and his spouse relating to the occurrence of inservice injuries involving the foot, ankle, knee, lumbar spine and leg, and their aftermath, as well as his vein disorder of the right lower extremity. The Board noted that the absence of supportive documentation was repeatedly cited, but without specific reference to the Veteran's account or the account made known by multiple lay affiants, at least four of whom served with the Veteran while on active duty and attested to the occurrence and residuals of inservice foot, leg, ankle, and knee injuries. The Board further found that adequate opinions regarding whether the Veteran's disabilities were secondary to a service connected right knee disability were inadequate due an insufficient discussion of whether the disabilities were aggravated by the service connected disability.

Thereafter, the claims file was returned to the examiner who performed the September 2015 examination for preparation of additional medical opinions. 

In April 2016, the examiner provided additional opinions. Although the examiner noted that the lay statements of record, as well as the claims file, service treatment records, treatment records including diagnostic testing results, and VA examination reports, were re-reviewed for the addendum request, there is no discussion of the substance of the lay statements in the opinions. 

With regard to the additional opinions rendered, the examiner essentially relied on a lack of a condition noted on examination at the time of separation and the passage of time in opining that the disabilities were not related to his active service. The examiner makes a reference to the Veteran's age being considered.

With regard to the additional opinions rendered with regard to whether the disabilities were secondary to the service connected right knee disability, the examiner stated that the disabilities were not due to the right knee disability and noted that there was no significant abnormal gait affecting weight bearing by the right knee condition that may cause mechanical stress to the joints. In addition, the examiner noted that the Veteran's vein disability was likely related to protein C and S deficiency. However, with regard to aggravation, the examiner solely stated that there was no objective evidence that the disabilities were aggravated beyond natural progression by the service connected right knee. 

The April 2016 medical opinions are inadequate because the examiner continued to rely essentially on a lack of medical evidence in service and the passage of time specific consideration of the lay statements indicating occurrence of inservice injuries involving the foot, ankle, knee, lumbar spine and leg, and their aftermath, as well as his vein disorder of the right lower extremity. In addition, the examiner did not provide adequate rationale regarding whether the disabilities were aggravated by the Veteran's service connected right knee disability. 

Therefore, the Board finds that the issues must be remanded for the Veteran to be afforded another VA medical examination and for adequate medical opinions to be obtained. See Barr v. Nicholson, 21 Vet. App. 303 (2007); Stegall v. West, 11 Vet. App. 268 (1998).

Review of the claims file reveals that the Veteran receives continued care from VA. However, VA treatment records regarding the Veteran dated since August 2015 have not been obtained and associated with the claims file. On remand, attempts must be made to obtain and associate with the claims file complete VA treatment records regarding the Veteran dated since August 2015. 38 C.F.R. § 3.159.

In a letter dated in September 2009, Dr. S.G. noted that it had been over 10 years since the Veteran was in his office and that his records were no longer available. Thereafter, in a letter dated in January 2011, Dr. S.G. reported that the Veteran was under his medical care and that the Veteran had a history of advanced degenerative arthritis of the knees dating back to 1983. Records regarding the Veteran's treatment from Dr. S.G. have not been obtained and associated with the claims file. On remand, after obtaining any necessary authorization, attempts must be made to obtain and associate with the claims file complete treatment records regarding the Veteran from Dr. S.G. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain and associate with the claims file VA treatment records regarding the Veteran dated since August 2015. Ask the Veteran about the existence of any non-VA treatment records. After obtaining any necessary authorization, request any reported records.

2. After obtaining any necessary authorization attempt to obtain and associate with the claims file complete treatment records regarding the Veteran from Dr. S.G.

3. Thereafter, afford the Veteran a VA medical examination regarding the lumbar spine, left hip, left knee, venous system of the right lower extremity, and right ankle. The claims file and copies of all pertinent records should be provided to the examiner(s) for review. The examiner(s) must, with full consideration being accorded the account of the Veteran and other lay affiants as to the occurrence of events and results thereof, as well as the entire record on appeal, address the following:

a) Is it at least as likely as not (a 50 percent or greater chance) that any lumbar spine, left hip, left knee, venous system of the right lower extremity, and/or right ankle disability found to be present is related to disease, injury, or other events during the Veteran's service. The examiner should comment upon the Veteran's football injury in service?

b) Is it at least as likely as not that any lumbar spine, left hip, left knee, and/or right ankle disability found to be present manifested within one year of separation from service?

b) Is it at least as likely as not that any lumbar spine, left hip, left knee, venous system of the right lower extremity, and/or right ankle disability found to be present is due to or permanently aggravated by the Veteran's right knee disability?

The findings of the prior examinations and opinions should be commented on and the rationale for all opinions expressed should be provided.

4. Finally, readjudicate each of the issues on appeal and if any benefit sought is not granted, provide to the Veteran a supplemental statement of the case and afford him a reasonable period in which to respond, prior to returning the case to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).